GOLDIE TRAINOR, GEORGE W. FITZSIMMONS, PATSY GALANTE, LOIS N. KAUDER AND ANN RYAN, INDIVIDUALLY AND AS REPRESENTATIVES OF THE CLASS OF ALL OTHER PERSONS SIMILARLY SITUATED, PLAINTIFFS-APPELLANTS, v. CITY OF NEWARK, DEFENDANT-RESPONDENT.

Superior Court of New Jersey
Appellate Division

Submitted March 15, 1977—Decided March 25, 1977.

Before Judges MATTHEWS, SEIDMAN and HORN.

*Messrs. Hannoch, Weisman, Stern & Besser,* attorneys **for** appellants (*Mr. Allan H. Ickowitz* on the brief).

*Mr. Milton A. Buck,* attorney for respondent (*Mr. Salvatore Perillo* submitted a statement in lieu of brief).

*Mr. John Cervase,* attorney for intervenor Veterans Civic League, submitted a statement in lieu of brief.

PER CURIAM. The subject of this appeal is actually subsidiary to the appeal in *Trainor v. Newark,* 145 *N. J. Super.* 466 (principal case), in which defendant as appellant was

successful in securing a reversal of the judgment which had been entered below.

The principal case was a class action in which, as indicated, plaintiffs succeeded in their contentions in the trial court. Plaintiffs unsuccessfully moved for the allowance of counsel fees for the services performed by their counsel in the trial court against members of the class represented by plaintiffs. This appeal followed.

Plaintiffs' argument consists of three points:

I. Members of the plaintiff class should be assessed for their proportionate shares of counsel fees, pursuant to R. 4:42–9(a) (2).

II. Assuming that there is no pecuniary relief, attorneys for plaintiffs are still entitled to the allowance of fees against class members.

III. Members of the class should be assessed for counsel fees to prevent unjust enrichment.

We have carefully reviewed plaintiffs' arguments and find that they are without merit. We are satisfied that the policy exemplified by R. 4:42–9 is that the court is powerless to allow fees for legal services unless a litigant can come within one of the exceptions enumerated in that rule. We are unable to agree with plaintiffs that under their interpretation of the rule there is a fund in court (R. 4:42–9(a) (2) ). The fact is that on our record plaintiffs were not successful in creating, preserving or increasing a common fund. We need not, therefore, assess the situation as though it had been otherwise.

The second point advanced by plaintiffs is without merit because it is similarly predicated upon the assertion that the action produced a benefit for the members of the class in that, as stated in plaintiffs' brief, "it preserved the livelihoods of the members of the class * * *."

The last point — that to thwart plaintiffs' effort to assess the class members would result in their unjust enrichment — is specious under the factual complex here. Our rules do not authorize the allowance of fees to representative members of

a class, *per se*. Whether they can be construed to do so under other circumstances need not be decided today. Contrary to plaintiffs' insistence, we do not find in *Bergen Cty. Sewer Auth. v. Bergenfield*, 142 *N. J. Super*. 438 (Law Div. 1976), any expressed principles which support plaintiffs' position. In that case the court limited the number of attorneys permitted to participate in the case in the interest of "judicial economy." It presents a different situation than that in the present case, where the court imposed no limitation. Consequently, the holding is inapplicable. However, we desire to make it clear that our reference to *Bergen Cty. Sewer Auth.* does not imply either our approval or disapproval of the determinations there expressed.

Being of the view that the trial judge's rejection of plaintiffs' application for counsel fees was not erroneous, the order is affirmed. No costs.